# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MELANIE MCGOWAN,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NUMBER:** |
| ) | **JURY TRIAL DEMANDED** |
| **CAVALRY SPV I, LLC;** ) | |
| **CAVALRY PORTFOLIO** ) | |
| **SERVICES, LLC,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

## COMPLAINT

This is an action brought by the Plaintiff, Melanie McGowan, for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and state law.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that at all relevant times the Defendants transacted business in this District, and the Plaintiff resides in this District.

## STATEMENT OF THE PARTIES

1. Plaintiff, Melanie McGowan, is over the age of nineteen (19) years and is a resident of the town of Remlap in Blount County, Alabama.

2. Defendant Cavalry SPV I, LLC ("Cavalry") is, and at all times pertinent herein was, a foreign limited liability company or other legal entity organized under the laws of the State of Delaware. Plaintiff asserts that, upon information and belief, Defendant Cavalry is a debt collector as that term is defined by the Fair Debt Collection and Practices Act at 15 U.S.C. §1692(a)(6). Cavalry has no employees. Rather, Cavalry's accounts, including upon information and belief, the account at issue in this case, are serviced by Defendant Cavalry Portfolio Services, LLC.

3. Defendant, Cavalry Portfolio Services, LLC ("CPS" or collectively with Cavalry as "The Defendants"), is a foreign limited partnership or other legal entity organized under the laws of the State of Delaware. CPS was, in all respects and at all times relevant herein, doing business in the state of Alabama, and was at all relevant times registered to do business in Alabama with the Alabama Secretary of State. Plaintiff asserts that Defendant is regularly engaged in the

business of collecting consumer debts from consumers residing in Blount County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6). Upon information and belief, CPS is the servicer of accounts, including the account at issue in this case, for Defendant Cavalry.

### STATEMENT OF FACTS

### *Background*

4. On or about December 27, 2019, Defendants filed or caused to be filed a lawsuit against Plaintiff in the District Court of Blount County, Alabama which was assigned case number 08-DV-2019-900150 (hereinafter referred to as "the lawsuit"). The lawsuit was styled *Cavalry SPV I, LLC as assignee of Citibank, N.A. v. Melanie P. McGowan.*

5. The lawsuit involved a debt allegedly owed by Plaintiff to Citibank, N.A., an entity not a party to this lawsuit, as the result of an alleged credit account taken out by Plaintiff. Defendants filed the lawsuit in an attempt to collect an alleged debt from the Plaintiff. The alleged debt was incurred for personal or household purposes.

6. Attached to the state court lawsuit was an affidavit executed by

      Kimberly Thompson, allegedly an employee of CPS. In the affidavit, Kimberly Thompson testified that Cavalry purchased the alleged debt made the basis of the lawsuit on or about June 19, 2019.

7. Further, the affidavit stated that Kimberly Thompson was familiar with the method by which CPS, on behalf of Cavalry SPV I, LLC creates and maintains business records pertaining to the account allegedly belonging to Plaintiff. Additionally, the affidavit claimed that Plaintiff owed $7,142.16.

8. No documents that would substantiate any of Kimberly Thompson's testimony were included with the affidavit or with the filed lawsuit.

9. Plaintiff has never done business with Defendants and has never owed Defendants any money.

10. Plaintiff, through counsel, answered Cavalry's Complaint and denied all of the allegations made in the lawsuit.

11. Trial was held on Calvary's alleged claim against Ms. McGowan on November 10, 2020. Following the trial the Court entered judgment in favor of Melanie McGowan and against Calvary.

12. Despite bearing the burden of proof at trial, Cavalry called no witnesses at trial in support of its claims against Melanie McGowan.

Further, Cavalry offered no competent evidence at trial that the alleged debt was assigned to Cavalry, that Cavalry owned the alleged debt and as such had any standing to bring suit against Mr. McGowan or that Mr. McGowan was in any way responsible for paying the alleged debt claimed by Cavalry in the Complaint. As a result, judgment was entered in favor of Melanie McGowan and against Cavalry.

13. In support of the lawsuit filed against Melanie McGowan, Defendants prepared and filed a false affidavit purportedly signed by a person named "Kimberly Thompson." Plaintiff alleges that Kimberly Thompson has no personal knowledge of the statements made in the affidavit filed along with Cavalry's lawsuit.

14. Further, as indicated by the judgment in Plaintiff's favor, the statement that Plaintiff owed a balance of $$7,142.16 to Cavalry was false. Plaintiff has never owed Cavalry any money.

15. Plaintiff alleges that the "business records" Kimberly Thompson purportedly reviewed were records of Citibank, N.A. Plaintiff alleges that Kimberly Thompson could not and cannot testify regarding the creation or maintenance of Citibank, N.A.'s business records and that

      she lacks personal knowledge of how Cavalry's business records are prepared or maintained and further lacks personal knowledge regarding any of the activities or records of Citibank, N.A.

16. Further, Defendants know that they cannot prove their claims in Alabama State District Courts with only affidavits or records and without witness testimony.

17. Each year Defendants file or cause to be filed hundreds if not thousands of lawsuits against consumers in Alabama without any intention of proving the claims they allege; with the knowledge that they will not have any witnesses to testify on its behalf at trial and knowing that they will not be able to offer competent evidence at trial.

18. The pattern and practice of Defendants is to file lawsuits, such as the lawsuit at issue in this case, in an attempt to either secure a default against Alabama consumers who fail to answer the bogus complaints Cavalry files or to coerce a settlement or consent judgment from consumers at the courthouse before trial when Defendants know they have no witnesses and no competent evidence to prove its claims. Further Defendants' practice is to file false affidavits signed by

employees who lack personal knowledge of the facts they swear to in the affidavits.

19. The case filed against Ms. McGowan is not an outlier nor was it filed by mistake. Rather, as discovery in this case will likely show, it is merely an example of the unfair and intentionally illegal business model that Defendants have put into place.

## COUNT ONE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

20. The foregoing acts and omissions of Defendants and their employees and agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, including, **but not limited to**, 15 U.S.C. § 1692d §1692e and §1692f with respect to Plaintiff.

21. As a direct and proximate result of the wrongful conduct visited upon Plaintiff by Defendant in its wrongful collection efforts, Plaintiff suffered actual damages including physical pain, mental anguish and emotional distress.

22. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## COUNT TWO
## MALICIOUS PROSECUTION

23. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

24. Defendant Cavalry sued the Plaintiff.

25. Cavalry lacked probable cause to file the lawsuit.

26. Cavalry maliciously filed the lawsuit against the Plaintiff.

27. The lawsuit ended in favor of Melanie McGowan and against Cavalry.

28. As a result of Cavalry's frivolous lawsuit, Plaintiff was harmed.

## COUNT THREE
## ABUSE OF PROCESS

29. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

30. Defendant Cavalry filed a lawsuit against the Plaintiff alleging that it acquired a debt from a third party and represented that it owned the

alleged debt and that Plaintiff was indebted to Cavalry.

31. Defendant Cavalry never had any intent to prove any claim against the Plaintiff, but rather had an ulterior purpose when it filed the lawsuit against the Plaintiff.

32. The ulterior purpose was to attempt to force Plaintiff into paying Cavalry for a debt that Cavalry either could not or refused to establish by any competent evidence or to obtain a default judgment against the Plaintiff without any competent evidence supporting Cavalry's claims.

33. Cavalry was aware, at the time the lawsuit was filed, that it bore the burden of proof but despite that burden, it would never attempt to prove the claims alleged in the lawsuit and would not bring witnesses to Court or be able to admit competent evidence in support of its claims.

34. Cavalry was aware that this conduct would harm the Plaintiff either by forcing him to pay a debt that Defendant knew it would not or could not prove or, alternatively, by obtaining a default judgment against Melanie McGowan on a debt Defendant knew it would not or

could not prove in a court of law and would proceed with garnishing his wages.

35. This conduct by Defendants is all too common in Alabama state courts and constitutes a widespread pattern and practice against Alabama consumers, such as Plaintiff.

## DAMAGES

Plaintiff alleges that as a direct and proximate result of the Defendants' acts alleged herein, Plaintiff was caused to incur physical pain as well as mental distress and emotional suffering and incurred other actual damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims statutory, compensatory and punitive damages of the Defendant, plus interest, costs, reasonable attorney's fees and any such other and further relief as this court deems proper and/or necessary.

In addition to the above, Plaintiff further demands declaratory judgment that Defendant's conduct violated the FDCPA, actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in the amount of $1,000.00 for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k and costs and reasonable attorney's fees for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Melanie McGowan
192 Pine Mountain Rd.
Remlap, AL 35133

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**CAVALRY SPV I, LLC**
c/o Registered Agent
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**CAVALRY PORTFOLIO SERVICES, LLC**
c/o Registered Agent
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104